# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50915

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2018

Lyle W. Cayce
Clerk

SENTRY SELECT INSURANCE COMPANY,

      Plaintiff - Appellee

v.

LORENA MUNOZ, Individually and on behalf of the Estate of Lorenzo
Munoz, and as Next Friend of L.M. and C.M., Minor Children; VIRGINIA
MUNOZ,

      Defendants – Appellants.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-284

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Defendants, Lorena Munoz, individually and on behalf of the estate of
Lorenzo Munoz, and as next friend of L.M. and C.M., minor children, and
Virginia Munoz (collectively the "Munoz Defendants"), appeal the district
court's summary judgment in favor of plaintiff, Sentry Select Insurance

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-50915

Company ("Sentry").  For the reasons set forth below, we DISMISS this appeal as moot.

On August 17. 2010, Lorenzo Munoz, was killed when the semi-truck in which he was traveling veered off the highway and crashed into a concrete drainage channel.  The semi-truck consisted of a tractor owned by Moore Freight Services, Inc., and a trailer leased by Goal Transport, Inc. ("Goal").  Sentry issued a commercial auto insurance policy to Goal covering the period at issue.

The Munoz Defendants filed suit in state court seeking damages arising out of Munoz's death.  After a three-week trial, they obtained a judgment in their favor.  The Munoz Defendants subsequently made demand on Sentry to pay the underlying judgment pursuant to the insurance policy it issued to Goal.  Sentry filed the instant declaratory judgment action seeking a declaration that it had no liability in connection with the state court judgment.  Sentry thereafter moved for summary judgment, arguing that it had no duty to indemnify anyone under the insurance policy it issued to Goal because the trailer leased by Goal was not being used with Goal's permission at the time of the accident.  The district court agreed, granting summary judgment in favor of Sentry and declaring that Sentry had no duty to indemnify any party for the underlying judgment. [1]

After the district court granted summary judgment, but prior to the filing of this appeal, the state appellate court reversed the judgment obtained by the Munoz Defendants and rendered a "take nothing" judgment.  *Moore Freight Serv., Inc. v. Munoz*, 545 S.W.3d 85, 105 (Tex. App. – El Paso 2017).

---

[1] Roger Franceware was also killed in the accident.  His beneficiaries and family members ("Franceware Defendants") sued in state court for damages arising out of his death, obtained a judgment in their favor, and made demand on Sentry for indemnification.  Sentry also sued the Franceware Defendants in this action; however, they have not appealed the district court's summary judgment in favor of Sentry.

2

No. 17-50915

The Munoz Defendants acknowledged in their opening brief in support of this appeal that if the state appellate court's decision became final, then the instant appeal would be moot. This court stayed this matter pending a ruling by the Texas Supreme Court on the Munoz Defendants' petition for review seeking reversal of the state appellate court's decision. On October 19, 2018, the Texas Supreme Court denied the petition for review; thus, the state appellate court's "take nothing" judgment is final.

Because there is no judgment upon which a claim for indemnity against Sentry could rest, this matter is now moot. Accordingly, we DISMISS this appeal as moot.

APPEAL DISMISSED AS MOOT.